**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SANDRA GALARZA,           )<br>                                    )<br>        Plaintiff(s),           )<br>                                    )<br>vs.                              )<br>                                    )<br>NEW ALBERTSON'S INC., et al., )<br>                                    )<br>        Defendant(s).          )<br>_____) | Case No. 2:12-cv-01218-LDG-NJK<br><br>ORDER SETTING HEARING ON<br>REQUEST TO EXTEND DEADLINES<br><br>(Docket No. 27) |

Pending before the Court is a stipulation to extend discovery and other deadlines. Docket No. 27. Two of the deadlines sought to be extended have already passed. *See id.* at 4 (seeking to extend expired discovery cutoff and dispositive motion deadline). As this Court previously indicated, the Local Rules make clear that requests to extend dates in the scheduling order "shall be received by the Court no later than twenty-one (21) days before the expiration of the subject deadline." *See* Docket No. 25 (quoting Local Rule 26-4). Requests made after the expiration of the deadline "shall not be granted unless the movant demonstrates that the failure to act was the result of excusable neglect." *Id.* (quoting Local Rule 26-4). The pending stipulation continues to fail to sufficiently explain why a request to extend these two deadlines was not made prior to their expiration, let alone that the failure to do so was the result of excusable neglect.

//

//

//

Because the substance of the stipulation remains insufficient, the Court hereby SETS a hearing on the pending stipulation for April 30, 2013 at 11:00 a.m. in Courtroom 3D. Counsel shall be prepared to explain why excusable neglect exists. The Ninth Circuit has held that "the determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (*citing Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)).

IT IS SO ORDERED.

DATED: April 26, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge

2